IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PARIS THORPE, individually, as Next Friend of A.B. and on Behalf of the Estate of Darren Boykin<br>    *Plaintiff*,<br><br>DARREN BOYKIN, SR. Individually,<br>    *Intervenor Plaintiff*,<br>v.<br><br>JERRIKA WEAVER, BRENT HOBBS, AND WILLIAM SCOTT,<br>    *Defendants*. | CIVIL ACTION NO. 5:21-CV-106-RWS-JBB |

## ORDER

Before the Court is Defendants' First Motion for Summary Judgment. Docket No. 59. Plaintiff[1] Paris Thorpe, as next friend of A.B. and on behalf of the state of Darren Boykin, Jr. and Intervenor Darren Boykin, Sr., individually bring this action under 42 U.S.C. § 1983. Docket Nos. 1, 7, 10-1. Defendants—Texarkana Police Officers Jerrika Weaver, Brent Hobbs, and William Scott—allegedly violated Boykin, Jr.'s constitutional rights by failing to render medical aid while Boykin, Jr. was in custody. *See* Docket Nos. 1, 7, 10-1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. Intervenor responded to Defendants' motion for summary judgment (Docket No. 66), and the motion was fully briefed (Docket Nos. 68, 70).

Boykin, Jr died in custody on August 29, 2019. *See* Docket No. 59 at 2–3. Intervenor did not move to intervene until September 8, 2021. *Id.* at 3. Defendants moved for summary judgment

---

[1] Boykin, Jr.'s mother, Keisha Boykin, was the original Plaintiff. Docket No. 1. Paris Thorpe, the natural mother of Boykin, Jr.'s child (A.B.) was substituted as representative of Boykin, Jr.'s estate because Ms. Boykin passed away during the pendency of this action. *See* Docket No. 39.

on Intervenor's complaint because it was filed more than two years after Boykin, Jr.'s death. Docket No. 59. Intervenor argued, among other things, that Defendants' motion should be denied because the date of accrual of Intervenor's cause of action was when Intervenor learned of Defendants' alleged involvement in Boykin, Jr.'s death through the release of a video of Boykin, Jr.'s death on social media. Docket Nos. 66, 70.

The Magistrate Judge issued a report and recommendation recommending that Defendants' First Motion for Summary Judgment be denied because Intervenor's claim is not time barred. Docket No. 131. The Magistrate Judge applied the federal discovery rule, which "defers accrual of a cause of action until the plaintiff knew . . . or should have known of the facts giving rise to the cause of action," to determine when Intervenor knew of the injury and when Intervenor should have known to investigate Defendants' alleged connection to that injury. *Id.* at 28–29 (citing *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014)). Specifically, the Magistrate Judge found Intervenor's claim accrued on September 18, 2019, when Intervenor spoke with Ranger Joshua S. Mason about the investigation into Boykin, Jr.'s death in custody. *Id.*

In response to the Magistrate Judge's report, Defendants filed Defendants' Motion for Reconsideration of Report and Recommendation (Docket No. 134) and Defendants' Objections to Report and Recommendation (Docket No. 135). These filings argued that the Magistrate Judge should have applied the Texas discovery rule, not the federal discovery rule, to determine the date of accrual for Intervenor's claims. *See* Docket Nos. 134, 135. Subsequently, however, Defendants withdrew their motion for reconsideration and their objections because

> Defendants acknowledge the application of federal discovery rule to Section 1983 causes of action. Specifically, the United States Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 423-424 [*sic*] (2007) held that "the accrual date of a § 1983 cause of action is question of federal law that is not resolved by reference to state law."

Docket No. 141 at 1–2.

The standard of review for a report and recommendation depends on whether the parties properly object. *Moon v. Sandals Resorts Int'l, Ltd.*, No. W-13-CV-134, 2014 WL 12877363, at *1 (W.D. Tex. Feb. 19, 2014). When a party withdraws objections, the Court treats a report and recommendation as unopposed and need only review for clear error. *See id.*; *see also Moore v. Fed. Ins. Co.*, No. 6:15-CV-450, 2016 WL 3567050, at *1 (E.D. Tex. Feb. 16, 2016), *report and recommendation adopted*, No. 6:15-CV-450, 2016 WL 3567051 (E.D. Tex. Mar. 7, 2016) (recommending a plain error review after objections were withdrawn).[2]

Here, Defendants proactively withdrew their objections when they realized their objections and motion for reconsideration relied on an incorrect application of the law. Docket No. 141. Accordingly, the parties are barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court performed a clear error review of the report of the Magistrate Judge and determined it is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a Magistrate Judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the report of the Magistrate Judge (Docket Nos. 131) is **ADOPTED** as the opinion of the District Court. It is further

---

[2] The district court judge reviewed the Magistrate Judge's report and recommendations in *Moore* as if "[n]o written objections ha[d] been filed." *Moore*, 2016 WL 3567051, at *1.

**ORDERED** that Defendants' First Motion for Summary Judgment (Docket No. 59) is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Reconsideration (Docket No. 134) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 20th day of September, 2023.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE